UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | 1:24-CR-00003-SM-AJ |
| ) | |
| v. ) | |
| ) | |
| THOMAS CONWAY ) | |

GOVERNMENT'S PARTIALLY ASSENTED-TO
MOTION REQUESTING COURT-ORDERED COMPETENCY EVALUATION

The defendant is charged with two counts of conspiracy to distribute controlled substances. On February 9, 2024, the defendant appeared before the Court for his initial appearance and has been detained since that time. On January 8, 2025, the defendant filed a motion for a competency hearing, stating that he has been examined by a forensic psychologist who opined that he is not competent to stand trial. Document Number 144.

Based on the defendant's representation and the psychiatric report opining that the defendant is not competent, the government requests that the Court order an evaluation by a licensed or certified psychiatrist or psychologist pursuant to 18 U.S.C. §§ 4241(b) and 4247(b). The government requests that the Bureau of Prisons ("BOP") conduct the evaluation. *See id.* An in-custody examination to determine competency would be beneficial in this case, as the BOP staff would have the ability to observe the defendant during the evaluation period, making the evaluation more comprehensive. This could lead to potential malingering that might otherwise go undetected.

Additionally, the competency evaluation obtained by the defendant documents that he suffers from mental illness. However, "not all mental illnesses interfere with competency, so '[a]

1

defendant can be both mentally ill and competent to stand trial." *United States v. Perkins*, 99 F.4th 804, 811 (5th Cir. 2024) (quoting *Mays v. Stephens*, 757 F.3d 211, 216 (5th Cir. 2014)). Here, the psychologist's finding that the defendant is not competent to stand trial is rooted in what is characterized as the defendant's "delusional" religious beliefs. The government believes that a Court-ordered evaluation will assist in providing the Court with additional pertinent information about the defendant's competency to stand trial.

Therefore, the government requests that the Court order the BOP to conduct a competency evaluation and provide the report prior to any competency hearing. *See* 18 U.S.C. § 4241(a), (b); 18 U.S.C. § 4247(b), (c). Dan Gaudet, Esquire, counsel for the defendant, assents to the Court ordering an evaluation, but objects to BOP conducting the evaluation.

Respectfully submitted,

JOHN J. MCCORMACK
Acting United States Attorney

Dated: January 29, 2025      By:   /s/ Heather A. Cherniske
                                    Heather A. Cherniske
                                    Assistant U.S. Attorney