# UNITED STATES PROBATION OFFICE
UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

**Violation Report on Defendant Under Pretrial Supervision – Summons Requested**

| | | |
|---|---|---|
| Name of Defendant: | Angela Demarco | Case #: 1:24CR-003-SM-AJ-6 |

Name of Judicial Officer:   Honorable Steven J. McAuliffe
U.S. District Judge

Assistant U.S. Attorney:   Heather Cherniske

Date of Report: 8/12/2025

Original Charge(s): Conspiracy to Distribute a Controlled Substance (Methamphetamine), in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C)

Date Supervision Commenced: 7/23/2024

===========================================================================
**The following information is provided in accordance with 18 U.S.C. §3154(5) and 12(B). Note: This report is confidential and can only be used for making a determination of conditions of release. It is available only to the court, defense counsel, defendant, and attorney for the government. No one else is authorized to review this report.**
===========================================================================

## NON-COMPLIANCE SUMMARY

The defendant has not complied with the following condition(s) of Pretrial supervision:

**Violation of Condition 7(p):** The defendant shall refrain from use or unlawful possession of a narcotic drug, or other controlled substances defined in 21 U.S.C.§ 802 unless prescribed by a licensed medical practitioner. On or about March 23, April 27 and May 4, 2025, in various locations in NH, the defendant unlawfully possessed and used a controlled substance, methamphetamine.

Evidence in support of this violation includes 1) urine samples the defendant submitted on March 26, April 30, and May 8, 2025, which tested positive for amphetamines/methamphetamine; and 2) the defendant's verbal/written admission on March 26, April 30, and May 8, 2025, to using methamphetamine.

**Violation of Condition 7(i):** The defendant shall meaningfully participate in a program of inpatient or outpatient substance abuse treatment, which may include medication assisted treatment, if deemed advisable by the supervising officer and do not discontinue any treatment program without the prior approval of the supervising officer. On April 22, 2025, the defendant left Clear Steps Recovery in Londonderry, NH, a PHP treatment program without permission from the probation officer and prior to completing that program.

Evidence in support of this violation includes 1) the supervising officer's testimony about directing the defendant to complete the program and follow the rules and regulations of the program; and 2) telephone correspondence with a staff member of Clear Steps Recovery regarding the defendant's attendance.

**Violation of Condition 7(i):** <u>The defendant shall meaningfully participate in a program of inpatient or outpatient substance abuse treatment, which may include medication assisted treatment, if deemed advisable by the supervising officer and do not discontinue any treatment program without the prior approval of the supervising officer</u>. On multiple occasions in May and June 2025, the defendant failed to attend scheduled Intensive Outpatient Treatment sessions at East Point Recovery in Concord, NH, without the permission of the probation officer.

Evidence in support of this violation includes 1) the supervising officer's testimony about directing the defendant to complete the IOP treatment program in-person and to follow the rules and regulations of the program; and 2) telephone correspondence with a staff member of East Point Recovery Center regarding the defendant's attendance and meaningful participation in the treatment program.

SUMMARY OF DEFENDANT'S ADJUSTMENT TO SUPERVISION:

The defendant was ordered released to a substance abuse treatment program at New Freedom Academy, in Salem, NH. She completed that program in September 2024. On February 25, 2025, the probation officer submitted a Report of Bail Violation – No Action Requested, advising the Court that the defendant used methamphetamine on December 20, 2024, January 7, and January 21, 2025. The defendant's urinalysis collected on February 3, 2025, was negative for controlled substances, but diluted. Thereafter, the defendant submitted eight drug tests which were negative for illicit substances.

The defendant is currently attending IOP at East Point Recovery Center with an expected completion date on or around September 5, 2025. The defendant is being considered for the LASER Docket program but has not entered the program yet. Sentencing is scheduled for September 24, 2025.

RECOMMENDATION:

Based upon the violations listed above and the defendant's adjustment to supervision, the probation officer respectfully requests that the Court issue a summons so that the defendant can be brought before the Court and be made to show cause as to why her bail should not be revoked.

> I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted by,

/s/*Riaka McCormick*
Riaka McCormick
U.S. Probation Officer
Date: 8/12/2025

Reviewed & Approved by:

/s/*Steven R. Seero*
Steven R. Seero
Supervisory U.S. Probation Officer

---

THE COURT ORDERS

☐ No Action

☐ The Issuance of a Warrant / Matter Sealed Pending Arrest

☒ The Issuance of a Summons

☐ The Modification of Conditions as Noted Above

☐ Other _____
_____

Dated: September 2, 2025

Signature of Judicial Officer