UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

_____

United States of America
      Plaintiff,

                                                      Docket No. 1:24-cr-3

      v.

Alton Ryan,
      Defendant

_____

### **<u>REPLY TO GOVERNMENT'S MEMORANDUM</u>**

Alton Ryan replies to the Government's Sentencing Memorandum as follows:

1. On Page 4, the Government states, that in 2017, "the defendant was arrested for multiple drug and gun convictions from Belknap County…." He has no gun convictions.

2. Under USSG § 4A1.2, multiple prior sentences are treated as a single sentence if they were not separated by an intervening arrest, and they were imposed on the same day.

3. The PSR, at Paragraphs 52-55, recited four prior sentences. They were not separated by an intervening arrest. Mr. Ryan was arrested on April 3, 2017, and held in lieu of high cash bail, which he did not post. Any

subsequent "arrest" occurred while he was in custody, i.e., he was not arrested for one offense before committing another in this series of four offenses.

4. Two sentences were imposed on the same day and in the same county (Merrimack; Paragraphs 52 & 55), though they had different arrest dates (4/3/17 & 8/10/17). The PSR counted those cases once, because the court imposed the sentences on the same day. Those cases were concurrent terms of 5-15 years.

5. Regarding the other two sentences, one had the same arrest date (4/13/17) as a prior offense but was committed in a different county (Belknap); the other had a different arrest date but was committed in the same county (Merrimack). The Belknap and Merrimack sentences were subsumed by the 5-15-year sentences.

6. These sentences would count once if they were imposed on the same day. They would count four times if, for some reason, the same court imposed one on Tuesday, one on Wednesday, one on Thursday, and one on Friday. It makes no sense to give the defendant three points in the first scenario, and as many as twelve in the second. It would be an absurd result, which courts avoid when construing statutory language. See United States v. Wright, 812 F.3d 27, 33 (1st Cir. 2016) (noting courts deviate from plain language to avoid "the prospect of yielding a patently absurd result.") (Quotation omitted). Despite how the cases were scheduled for sentencing, Ryan received a lead sentence of 5-15 years in these four cases. His criminal history is what it is, but the PSR overstates the points he should receive for the

convictions.

>Respectfully submitted,
>
>ALTON RYAN
>
>By his attorney,
>
>ROTHSTEIN LAW LLC
>
>By: /s/ David M. Rothstein
>David M. Rothstein, N.H. #5991
>100 High Street
>Exeter, N.H.  03833
>(603) 580-3980
>rothsteindm@outlook.com

## CERTIFICATE OF SERVICE

I certify that I have served a copy of this motion on the Assistant United States Attorney this 6 day October of, 2025, via ECF.

>/s/ David M. Rothstein
>David M. Rothstein