UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

UNITED STATES OF AMERICA

v.

RASHIDAHMED CANTAVE

No. 24-cr-03-1-SM

GOVERNMENT'S SENTENCING MEMORANDUM AND
OBJECTION TO THE DEFENDANT'S MOTION FOR A DOWNWARD VARIANCE

The defendant supplied his co-conspirators with large quantities of methamphetamine to distribute in New Hampshire. The defendant played a critical role in this dangerous drug trafficking activity. His conduct warrants a guideline sentence of 51 months' imprisonment and three years of supervised release. Such a sentence is sufficient but not greater than necessary to achieve the purposes of sentencing. The defendant requests a downward variance to a sentence of 33 months. For the reasons below, the Court should deny the defendant's motion.

I.    **Background**[1]

In the fall of 2022, law enforcement began investigating Thomas Conway and his conspirators for distribution of methamphetamine in New Hampshire. During the investigation, law enforcement identified Matthew Schnell as a primary methamphetamine supplier for Conway through Court authorized wire interceptions of Conway's and Schnell's text messages and phone calls. From Schnell's intercepted communications, combined with law enforcement surveillance, investigators identified the defendant as a methamphetamine supplier for Schnell.

For example, on May 22, 2023, Schnell spoke to the defendant about how his friend died and that he was planning on going into business with that friend. The defendant told Schnell that he was having a package delivered on Thursday and he would continue to monitor the tracking.

---

[1] This factual background is drawn from the plea agreement and non-disputed facts in the PSR.

1

Two days later, on May 24, 2023, Schnell again spoke to the defendant and said he wanted to come over to get "just the girl" (a coded reference to methamphetamine). The defendant told Schnell to bring a vacuum sealer and a scale.

On May 28, 2023, in a call with the defendant, Schnell again said he was coming over, after which the defendant told him to bring the scale and sealer. Later, on June 6, 2023, the defendant again called Schnell, and Schnell told him he was coming to see him. The defendant asked if Schnell got rid of "it," to which Schnell responded in the negative.

On June 7, 2023 at the direction of law enforcement, a confidential source ("CS") arranged a drug purchase from the defendant at his residence in Boston, Massachusetts. The CS ordered two pounds of methamphetamine from the defendant in exchange for $5,000. The CS then visited the defendant, provided him with $5,000, and received about two pounds of methamphetamine in return. The Drug Enforcement Administration ("DEA") laboratory tested the drugs purchased by the CS, which the laboratory confirmed to be 893.8 grams methamphetamine that was about 73% pure.

On June 22, 2023, investigators executed a search warrant at Cantave's Boston residence and found methamphetamine and fentanyl. The DEA laboratory confirmed the substances to be 683 grams of methamphetamine (about 73% pure) and approximately 4.92 grams of fentanyl.

Probation correctly determined that the applicable guideline sentencing range is 121-151 months' imprisonment. PSR ¶¶ 35-44, 81. Probation calculated this range after properly determining the converted drug weight based on the purity of the methamphetamine the defendant conspired to distribute. The government agrees with Probation's calculation. However, the government recognizes this Court's categorical disagreement with respect to the ICE/actual methamphetamine drug weight guidelines. Using methamphetamine mixture, the applicable

offense level is 28 and his criminal history category is I. After accounting for the defendant's acceptance of responsibility and other applicable guideline considerations, the guideline sentencing rage is 51-63 months.

## II.    Argument

The defendant requests a downward variance to 33 months, citing among other things, the court's categorical disagreement with the methamphetamine purity guideline, the defendant's criminal history and rehabilitation, and the impact a sentence of incarceration will have on his family. The defendant chose to commit this crime, knowing that he could get caught and go to prison away from his children. "[I]t is the unfortunate norm that innocent family members suffer considerable hardship when a relative is incarcerated. . . . [D]isruption of the defendant's life, and the concomitant difficulties for those who depend on the defendant, are inherent in the punishment of incarceration." *United States v. Pereira*, 272 F.3d 76, 81 (1st Cir. 2001). This is not a circumstance unique to this defendant and does not warrant a downward variance. For this and the other reasons stated in the government's pleadings, a sentence of 51 months – the bottom of the applicable guideline range – adequately accounts for these circumstances and is necessary to account for the seriousness of the defendant's crime.

In particular, the nature and circumstances of the offense warrant a guideline sentence. The defendant was the key drug supplier for this conspiracy. He was essential to the conspiracy's success in moving and selling pounds of methamphetamine in New Hampshire. Moreover, the government's requested sentence is appropriate because it contemplates punishment, deterrence, and promotes respect for the law. The defendant must be punished for his conduct and deterred from engaging in this behavior in the future. A guideline sentence is also necessary to avoid sentencing disparities and to deter other drug suppliers from engaging in the same criminal

conduct. *See* 18 U.S.C. § 3553(a)(2)(A), (B). In this case, the defendant's coconspirators have received sentences ranging from 31 to 125 months. The defendant's critical role of supplying the methamphetamine to be distributed does not warrant a sentence at the low end of that range.

The government's recommendation of 51 months' imprisonment—a sentence at the bottom of the Court's anticipated guideline range—is appropriate and reasonable. The Court should deny the defendant's motion for a downward variance.

### III.    Conclusion

For these reasons, the government respectfully requests that the Court impose a guideline sentence of 51 months' imprisonment and three years of supervised release.

Respectfully submitted,

Date:  April 24, 2026

ERIN CREEGAN
United States Attorney

By: /s/ Matthew T. Hunter
Matthew T. Hunter
Assistant U.S. Attorney
53 Pleasant Street, 4th Floor
Concord, New Hampshire 03301
Matthew.Hunter@usdoj.gov