UNITED STATES OF AMERICA

v.                                                          No. 24-cr-03-6-SM

ANGELA DEMARCO

## GOVERNMENT'S SENTENCING MEMORANDUM AND PARTIAL OBJECTION TO THE DEFENDANT'S MOTION FOR A DOWNWARD VARIANCE

The defendant conspired with others to distribute methamphetamine in New Hampshire. The defendant trafficked dangerous narcotics, which merits a guideline sentence. The defendant requests a downward variance to a sentence of 12 months and 1 day. A variance is not appropriate here. For the reasons below and those discussed during the sentencing hearing, the government requests a sentence at the bottom of the anticipated guideline range of 15 months.

## I. Background[1]

In the fall of 2022, law enforcement began investigating Thomas Conway and his coconspirators for distribution of methamphetamine in New Hampshire. During the investigation, investigators learned through controlled purchases with a confidential source that Conway and Michael Raiche worked together to distribute methamphetamine. At the time, the defendant was in a romantic relationship with Raiche and sold methamphetamine with him.

On January 4, 2023, a confidential source ("CS") arranged a controlled purchase with the defendant to occur in Seabrook, New Hampshire. Prior to the deal, the defendant retrieved methamphetamine from her trunk and sold it to the CS in exchange for $200. Following the transaction, investigators observed the defendant enter a department store and meet with Raiche. The two exited the store together and entered the defendant's car. The Drug Enforcement

---

[1] This factual background is drawn from the plea agreement and non-disputed facts in the PSR.

Administration ("DEA") laboratory confirmed the substance to be 2.9 grams of methamphetamine.

On February 8, 2023, the CS arranged another methamphetamine purchase with the defendant in Seabrook, New Hampshire at the Brook Casino. The defendant arrived driving a car with Raiche in the passenger seat. The defendant exited the car and Raiche entered the driver's seat, driving to the rear of the parking lot. The defendant briefly entered the casino before entering the CS's car. The CS and the defendant left the parking lot and drove a short distance, followed by Raiche in his car. The defendant gave the CS methamphetamine in exchange for $800. The defendant then exited and re-entered Raiche's car. During a debrief with the CS, the CS stated that the defendant said that this was "his deal," referring to Raiche, and she was selling the drugs for him. The DEA laboratory tested the substance and confirmed it to be 26.86 grams of methamphetamine.

Probation determined that the applicable guideline sentencing range is 63 to 78 months' imprisonment. PSR ¶¶ 35-44, 81. Probation calculated this range after properly determining the converted drug weight based on the purity of the methamphetamine the defendant conspired to distribute. However, the government recognizes this Court's categorical disagreement with respect to the ICE/actual methamphetamine drug weight guidelines. Two other factors impact the guideline calculation. First, in the plea agreement, the parties agreed that the drug weight attributable to the defendant is 29.76 grams of methamphetamine. PSR ¶ 9. The PSR applies a higher drug weight, due to the defendant's involvement in an additional controlled buy for 112.3 grams of methamphetamine. *Id.* ¶¶ 24-27; PSR Add. at 1-2. The government agrees with the defendant that the Court should use the parties' agreed-upon drug weight. Second, the government also agrees with the defendant that she now meets the requirements for a further 2-

level reduction. Taking all of this into account results in an offense level of 13, criminal history category II, and a guideline sentencing range of 15-21 months.

## II.      Argument

The defendant requests a downward variance to 12 months and 1 day, citing among other things, the court's categorical disagreement with the methamphetamine purity guideline, the defendant's characteristics, and the need to avoid sentencing disparities. The government's recommendation already accounts for this. As discussed above, the anticipated guideline range accounts for the Court's categorical disagreement with the drug guidelines. In addition, the defendant has had a troubled history on pretrial supervision, including bail violations and being terminated from the LASER program. PSR ¶¶ 6A-8A. Balancing this conduct with its cause (the defendant's drug addiction) warrants a bottom of the guidelines, not a variance. Finally, the government's recommended sentence of 15 months appropriately accounts for her role in the conspiracy. For example, she delivered drugs for Raiche. Raiche received a sentence of 60 months. A 15-month sentence accounts for her relative culpability and the seriousness of her crime. It does not result in a sentencing disparity.

The defendant's crime was serious and warrants a guideline sentence. The government's requested sentence will also promote deterrence and respect for the law. *See* 18 U.S.C. § 3553(a)(2)(A), (B). The government's recommendation of 15 months' imprisonment—a sentence at the bottom of the Court's anticipated guideline range—is appropriate and reasonable. The Court should deny the defendant's motion for a downward variance.

## III.      Conclusion

For these reasons, the government respectfully requests that the Court impose a guideline sentence of 15 months' imprisonment and three years of supervised release.

Respectfully submitted,

Date: April 24, 2026

ERIN CREEGAN
United States Attorney

By: /s/ Matthew T. Hunter
Matthew T. Hunter
Assistant U.S. Attorney
53 Pleasant Street, 4th Floor
Concord, New Hampshire 03301
Matthew.Hunter@usdoj.gov