UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

UNITED STATES OF AMERICA

v.

ZACHARY ALBERT

No. 12-cr-03-10-SM

GOVERNMENT'S SENTENCING MEMORANDUM AND OBJECTION TO THE DEFENDANT'S MOTION FOR A DOWNWARD VARIANCE

The defendant worked with his co-conspirators to distribute large quantities of methamphetamine in New Hampshire. The defendant's dangerous drug trafficking behavior warrants a substantial sentence. A sentence at the bottom of the guideline range of 51 months accounts for both the seriousness of the defendant's conduct and his history and characteristics. Such a sentence is sufficient but not greater than necessary to achieve the purposes of sentencing and the Court should impose it.

### I.    Background[1]

In the fall of 2022, the Federal Bureau of Investigation ("FBI") New Hampshire Major Offender Task Force ("NH MOTF") and the New Hampshire State Police ("NHSP") began investigating Thomas Conway and his co-conspirators for distribution of methamphetamine in New Hampshire. The investigation revealed that the defendant worked with Conway as a mid-level methamphetamine distributer, obtaining methamphetamine from Conway then selling the drugs to others.

In March 2023, the Court authorized wire interceptions of Conway's text messages and phone calls. This revealed Conway coordinating with the defendant and others to purchase and distribute methamphetamine. For example, on March 11, 2023, the defendant texted Conway

---

[1] This factual background is drawn from the plea agreement and non-disputed facts in the PSR.

1

asking for methamphetamine to further distribute to two customers. Conway advised that he did not have any but would be obtaining some "product" later that evening. The defendant was persistent. He followed up two days later, on March 13, 2023, and again on the 14th. Conway told him that he did not yet have the "product."

On March 16, 2023, Conway called the defendant and told him that he would have him "covered." At approximately 2:45 p.m. that day, Conway told the defendant that he was going to get it, and they agreed to meet at a location in Manchester, NH. That afternoon, at 4:17 p.m., Conway sent the defendant a text message: "I'm here."

Investigators notified the New Hampshire State Police Mobile Enforcement Team (MET) about the drug transaction. The MET stopped the defendant's vehicle and found a bag on the floor of the front passenger seat that contained controlled substances. Laboratory testing confirmed that the bag contained 26.9 grams of methamphetamine (99% purity) and 9.401 grams of a substance containing fentanyl and fentanyl analogue.

The Probation Office correctly determined that the applicable guideline sentencing range is 70 to 87 months' imprisonment. PSR ¶ 91. Probation calculated this range after properly determining the converted drug weight based on the purity of the methamphetamine the defendant conspired to distribute. The government agrees with Probation's calculation. However, the government recognizes this Court's categorical disagreement with respect to the ICE/actual methamphetamine drug weight guidelines. Using methamphetamine mixture, the applicable offense level is 24. After the adjustment for the defendant's acceptance of responsibility, the total offense level is 21 and his criminal history category is IV. This results in a guideline sentencing range of 51 to 71 months' imprisonment.

## II.     Argument

The government's requested sentence of 51 months' imprisonment is appropriate and reasonable. First, the nature and circumstances of the offense warrant the requested sentence. The defendant agreed and worked together with his co-conspirators to distribute methamphetamine. *See* PSR ¶¶ 13-15, 19-20. The defendant was not a passive participant or a mere runner. For example, in intercepted text messages, the defendant reached out to Conway seeking product to sell to two customers. When Conway didn't have the product, the defendant followed up repeatedly until he obtained the methamphetamine needed for the sale. The defendant also has a lengthy criminal history—including convictions for assault and eight prior drug-related crimes.

The defendant cites his efforts at rehabilitation while detained. ECF No 343 at 1-2. These efforts are laudable and hopefully do mark, as he claims "an honest and sincere turn around for him." *Id.* at 2. However, these efforts do not merit a below guideline sentence. The seriousness and nature of the defendant's crime and his lengthy pattern of undeterred criminal conduct demand a substantial sentence. The government's requested sentence is at the bottom of the anticipated guideline range. This accounts for the defendant's efforts at rehabilitation while ensuring just punishment and deterrence, and promoting respect for the law. The defendant was a mid-level distributor of Conway's drug trafficking ring; a ring that distributed substantial quantities of methamphetamine in New Hamshire. The defendant must be punished for his conduct and deterred from engaging in this behavior in the future. *See* 18 U.S.C. § 3553(a)(2)(A), (B).

3

## III.    Conclusion

For these reasons, the government respectfully requests that the Court impose a guideline sentence of 51 months' imprisonment and three years of supervised release.

Respectfully submitted,

Date:  July 24, 2026

ERIN CREEGAN
United States Attorney

By: /s/ Matthew T. Hunter
Matthew T. Hunter
Assistant U.S. Attorney
53 Pleasant Street, 4th Floor
Concord, New Hampshire 03301
Matthew.Hunter@usdoj.gov

4